## RATIONAL DOUBT AS TO CONTRIBUTORY NEGLIGENCE.

[Circuit Court of Cuyahoga County.]

THE CLEVELAND ELECTRIC RAILWAY CO. v. CHARLES WADSWORTH.

Decided, March 23, 1903.

*Negligence—Failure to Look for Danger in Crossing a Street Car Track*
*—The Ruling as to Rational Doubt Applied.*

Where it appears from the testimony of the plaintiff himself and from
all the testimony in the case, that upon alighting from a street
car the plaintiff passed around the rear end and onto the track
used by cars running in the opposite direction, without paying any
attention to his surroundings, or looking in the direction from
which cars approached on that track, or checking his pace, and was
struck by a car and injured, there can be no rational conclusion
save that his own negligence contributed to the injury.    In
such a case there is nothing to submit to the jury, and it is error
for the court to refuse to enter judgment for the plaintiff.

LAUBIE, J.

This is a proceeding in error brought to reverse judgment of
the court below, rendered in favor of Wadsworth against the com-
pany for personal injuries received while crossing the tracks of
the company at Auburndale avenue, in East Cleveland.

On the trial at the conclusion of the evidence, counsel for the
railway company made a motion to take the case from the jury
and for the court to enter judgment for defendant, which the court
refused to do, and in this respect we think the court erred.

The evidence on the part of the plaintiff differed in no great
respect from the evidence introduced on the part of the defendant
as to the accident, and the whole evidence showed beyond any
rational doubt that Wadsworth was himself guilty of contributory
negligence.    He was on the car going east, and he notified the
conductor that he desired to get off at Auburndale avenue.    The
conductor gave the signal to the motorman and the car began to
slow up.    Wadsworth was on the rear end of the car, and as the
car slowed up and just before it reached the crossing, he notified

the conductor that he might go ahead, and he stepped off. Immediately the conductor gave the motorman the signal to go ahead, and the car started at an increased rate of speed. As Wadsworth stepped off, he stepped off facing east. He says he turned around and walked around the end of the car across the first track and onto the devil strip toward the second track at an ordinary gait, and as he was still stepping forward and was about to touch the south rail of the west-bound track, he saw the west-bound car and its headlight in front of him, and some portion of the car struck him and knocked him down and injured him. He had been living at Auburndale avenue for some considerable time, and had been using the cars of the street railway company daily; he knew of the situation, the surroundings, and he knew that cars were in the habit of running there on those tracks substantially every three minutes; that he was not upon the cross-walk, or where the cross-walk should be, but that he got off just before he reached the cross-walk. He testified that he remembered all that took place until he was struck, and after that he remembered nothing until after he was at the hospital. On this trial he claimed he remembered everything that occurred up to the time he was struck, although he did not on a former trial; but he admitted that while upon the car he was thinking of some matters of business that he had to attend to the following day. He could not remember, as he walked across the tracks, what he was thinking of then. So that, so far as his mind was concerned, it was not upon his surroundings at all; he had not in his mind the fact that cars were running as frequently as he named, westward upon the west-bound track which he had to cross, and he did not look to see; he neither stopped to observe nor did he look eastward upon the west-bound track. That was the only direction from which danger could be apprehended, and he was not required to look in both directions, as no cars ran eastward upon the west-bound track. With all this knowledge of the surrounding circumstances and the danger to be apprehended, his mind was not upon the danger, nor upon the question of his own safety, nor whether any car that might be coming from the east might injure him. Without regard at any time to the surroundings, he was simply going, as he says, at an ordinary gait, and as some of his own witnesses testify at a very lively, quick gait, and he stepped right forward and was in the

act of still stepping forward when he was struck. He just had time, he said, to throw up his hands. It was somewhere between 10 and 11 o'clock at night and the head-light on the west-bound car was burning brightly.

Now, under such circumstances, even upon his own testimony, which was in no sense different from that of all the other witnesses, it is evident that there could be no rational conclusion save that his own negligence contributed to his injury.

There can be no question about the negligence of the railway company, of the men who were in charge of the west-bound car; they were running at too great a rate of speed, in passing a car that was stopping at this crossing. But it is evident, from his own testimony, and from all the testimony in the case, that as the plaintiff was himself guilty of negligence contributing to his injury, he could not recover.

There was no question to submit to the jury; it was simply a question of law for the court to determine, whether or not he had a right to recover.

The case is entirely different from the case referred to in the 54 O. S., of *The Cincinnati Street Railway Company* v. *Snell;* and is precisely the same character of case referred to by Judge Spear, in the majority opinion in the Snell case when he said, page 201:

"The ground upon which the common pleas directed a verdict was that the plaintiff's evidence disclosed contributory negligence of such a character as to preclude recovery. In other words, the holding was that, as a matter of law, the plaintiff was guilty of contributory negligence. If the plaintiff's conduct, as shown by undisputed facts, left no rational inference but that of negligence, then the ruling was right, but if the question of contributory negligence depended upon a variety of circumstances from which different minds might arrive at different conclusions as to whether there was negligence or not, then the ruling was wrong."

The recovery was affirmed in the Snell case because the plaintiff himself testified that he looked in both directions at the time for an approaching car.

The testimony here was precisely the opposite, and it was the duty of the court under the circumstances, to take the case from the jury and render judgment for the defendant.

Proceeding to render, therefore, the same judgment that the court below should have rendered, the judgment below will be reversed and judgment entered for the railway company for its costs, and the petition of the plaintiff dismissed.

*Squire, Sanders & Dempsey,* for plaintiff in error.

*J. W. Taylor, W. H. Boyd* and *T. H. Garry,* for defendant in error.